UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01886-WYD-CBS

CATALIN G. PAVEL,

    Plaintiff,

v.

ADAMS COUNTY SHERIFF'S OFFICE;
SHERIFF DOUGLAS N. DARR, in his official and individual capacities;
UNDERSHERIFF ROGER ENGELSMAN, in his official and individual capacities;
COMMANDER MARK MITCHELL, in his individual capacity;
COMMANDER JIM HINRICHS, in his individual capacity;
SERGEANT KEVIN CURRIER, in his individual capacity; and
SERGEANT GENE CLAPS, in his individual capacity;

    Defendants.
_____

## PROTECTIVE ORDER
_____

This Protective Order shall apply to all information, documents, and things subject to discovery in this action, whether produced by a party or third party, including, without limitation: documents and information produced pursuant to Rule 26, testimony adduced at depositions upon oral examination or upon written questions pursuant to Rules 30 and 31, answers to Interrogatories pursuant to Rule 33, documents produced pursuant to Rule 34, information obtained from inspection of premises or things pursuant to Rule 34, and answers to requests for admission pursuant to Rule 36.

## CATEGORIES OF INFORMATION

1.    **Information Subject To This Protective Order.** As set forth below, documents and things that are stamped "CONFIDENTIAL" will be treated as confidential and shall not be used or disclosed for any purpose other than discovery and trial in this action and any appeal. All

persons (other than counsel of record, their staff, court reporters and copy services) and experts having access to CONFIDENTIAL INFORMATION shall sign a statement in the form of Exhibit A hereto acknowledging agreement to the terms of this Protective Order. Copies of such statements shall be served forthwith upon the opposing party.

The parties may designate the following information as CONFIDENTIAL and subject to the restrictions of this Protective Order:

>  (A) Medical records, records of medical treatment (including therapy), and records related to any medications used or prescribed by a physician;
>
>  (B) Information protected by and specifically prohibited from release by statute or regulation;
>
>  (C) Social security numbers, driver's license numbers, and dates of birth;
>
>  (D) Personal bank records, income records, personal financial records and tax records; and
>
>  (E) Such other information as a party may in good faith deem confidential.

2.  Information Not Subject To This Protective Order.  This is information, documents, and things subject to discovery in this action, produced outside the scope of this Protective Order for which the party producing the documents or information does not assert any sensitivity with respect to their future dissemination.  Such documents or information so produced will bear no stamp identifying them as subject to this Protective Order, and the party receiving such documents or information is not in any way restricted in their future dissemination by this order.

## HANDLING OF CONFIDENTIAL INFORMATION

4. CONFIDENTIAL INFORMATION will be treated during discovery as follows:

All CONFIDENTIAL INFORMATION shall be treated as such, and shall be disclosed or made available only to (1) counsel who are attorneys of record (including counsels' partners, associates, associated counsel, paralegal, secretarial and clerical personnel); (2) the outside experts employed by such attorneys for consultation or to render expert reports in accordance with Fed. R. Civ. P. 26 (and the necessary secretarial and clerical personnel of such experts) who are entitled under section 4 of this Order to receive such information; and (3) court personnel, certified court reporters and copy services.  CONFIDENTIAL INFORMATION shall not be utilized by any person receiving it for any purpose other than in connection with the prosecution or defense of this action.

## **CHALLENGES TO CONFIDENTIALITY DESIGNATIONS**

5. In the event that any party disagrees at any stage of the proceedings with the designation of any information as CONFIDENTIAL INFORMATION, the parties shall try to resolve such dispute in good faith on an informal basis. Any receiving party may at any time request that the producing party cancel the CONFIDENTIAL INFORMATION designation with respect to any document, object or information.  Such request shall be written, shall be served on counsel for the producing party, and shall particularly identify the designated CONFIDENTIAL INFORMATION that the receiving party contends is not properly designated and the reasons supporting its contentions.  The producing party shall then reply in writing within fourteen (14) calendar days (or by such other time as the parties may agree to in writing) of receipt and state whether the party will agree to remove the disputed CONFIDENTIAL designation.  If the dispute cannot be informally resolved, then the receiving party shall have the right to object to

the designation by appropriate motion before the Court. If a motion is filed, the initial designation shall remain until the Court rules on such motion and thereafter shall be governed by the Court's ruling.  The acceptance by a party of any information, document or thing identified as CONFIDENTIAL INFORMATION hereunder shall not constitute evidence, an admission or a concession that the information, document or thing actually is confidential or proprietary.

## TESTIMONY INCLUDING CONFIDENTIAL INFORMATION

6. Depositions.

A. Other than Court personnel and Court reporters, only counsel of record for the parties, the parties, the witness, his/her attorney, and experts who have met the requirements of Paragraph 4 of this Protective Order may be present at any examination concerning CONFIDENTIAL INFORMATION of the other party or a third party.

B. Information disclosed at any deposition may be designated CONFIDENTIAL by indicating on the record at the deposition that testimony is CONFIDENTIAL INFORMATION and is subject to the provisions of this Protective Order.  Whenever any document designated CONFIDENTIAL INFORMATION is identified as an exhibit in connection with testimony given in a deposition, it shall be so marked and separately bound, unless the parties stipulate otherwise on the record.

C. Notwithstanding the provisions of Paragraph 5(B), a party may also designate information disclosed at such deposition as CONFIDENTIAL INFORMATION by notifying all of the parties, in writing, of the specific pages and lines of the transcript which should be treated as CONFIDENTIAL INFORMATION thereafter within twenty (20) business days after notice by the reporter that the transcript is available.  Each party shall attach a copy of such written

notice or notices to the face of the transcript and each copy thereof in his possession, custody, or control.

D. All deposition transcripts shall be treated as CONFIDENTIAL INFORMATION subject to the Protective Order for a period of twenty (20) days after notice from the reporter that the transcript is available. Notwithstanding the passage of twenty (20) business days, to the extent that an opposing party has not, through counsel, disseminated information that is subject to this Protective Order, the right to so designate shall remain, subject to challenge. If such a challenge is made, the party allowing the twenty (20) business days to pass shall have the burden before the Court of showing that the information has not become part of the public domain.

## TIMING FOR CLASSIFICATION OF DOCUMENTS AND THINGS

7. Marking Of Documents Or Things.

A. Any party wishing to designate a produced document, or other thing, as CONFIDENTIAL INFORMATION shall at the time of production, if at all possible, stamp or otherwise mark the produced document or other thing with the word(s) "CONFIDENTIAL" or "CONFIDENTIAL: Subject to Protective Order." Any party wishing to designate a document or other thing provided by a non-party as containing CONFIDENTIAL INFORMATION shall submit to the other party, within twenty (20) business days following production or disclosure, a written designation of the documents or things containing such information. During the twenty (20) business days following production by a party, or nonparty, all such documents and things shall be deemed to contain and/or constitute CONFIDENTIAL INFORMATION.

B. The parties shall make a good-faith effort to designate CONFIDENTIAL INFORMATION properly and with the appropriate classification at the time of production. However, inadvertent or unintentional disclosure by any party of CONFIDENTIAL

INFORMATION without any, or the appropriate, classification regardless of whether the CONFIDENTIAL INFORMATION was designated at the time of disclosure, shall not be deemed a waiver of a party's claim of confidentiality, either as to a specific document or information contained therein, and the parties shall, upon notice, thereafter treat such CONFIDENTIAL INFORMATION according to the correct designation and classification.  A receiving party shall make a good faith effort to locate and mark appropriately any CONFIDENTIAL INFORMATION upon receipt of such notice.

  C. Likewise, if a producing party inadvertently discloses to a receiving party documents or items that are asserted to be privileged or otherwise immune from discovery, said producing party shall promptly, upon discovery of such disclosure, so advise the receiving party in writing and request that the item or items of information be returned, and no party to this action shall thereafter assert that such disclosure waived any privilege or immunity, provided that the producing party demonstrates that: (1) the disclosure was inadvertent; (2) the producing party acted promptly upon discovering the inadvertent disclosure; and (3) the inadvertence occurred despite reasonable precautions to prevent inadvertent disclosure.  Nothing herein shall be construed to prevent the party returning the inadvertently disclosed material from seeking production of any documents in accordance with the Federal Rules of Civil Procedure, provided that, once the producing party makes the requisite showing set forth herein above, the returning party does not assert waiver of the privilege or immunity because of the inadvertent production.

  8. All transcripts, depositions, exhibits, answers to interrogatories, and other documents filed with the Court which have previously been designated by a party as comprising or containing CONFIDENTIAL INFORMATION, or any pleading or memorandum purporting to reproduce or paraphrase such information, or attach the same as an exhibit shall be filed with

restricted access consisted with this Order and filed pursuant to Court rules and instructions for such filings.

### EXCLUSION OF PUBLIC DOMAIN INFORMATION

9.  Nothing in this Protective Order shall preclude any party to the lawsuit, their attorneys or any other person from disclosing or using, in any manner or for any purpose, any information or documents not obtained in discovery in this lawsuit, if such information is lawfully obtained from another source, such as a third party having the right to disclose such information, unless the obtaining party learned about or discovered the relevant documents or information because they were produced or made available for inspection in discovery in this lawsuit and designated as CONFIDENTIAL INFORMATION.

### USE OF CONFIDENTIAL INFORMATION AT TRIAL

10. The use of CONFIDENTIAL INFORMATION as evidence at the trial in this case shall be subject to such protection as the Court shall determine at the time. No party hereto waives any right it may have to object on any ground to the admission in evidence at the trial of this action of any CONFIDENTIAL INFORMATION. A party that intends to introduce its own CONFIDENTIAL INFORMATION at a hearing or trial shall be responsible for taking appropriate measures with the Court to maintain confidentiality. In the event that a party intends to introduce an opponent's CONFIDENTIAL INFORMATION, it shall notify the opponent prior to the time at which it intends to introduce the opponent's CONFIDENTIAL INFORMATION. If the opponent desires to maintain the confidentiality of this material, it shall be responsible for taking appropriate measures with the Court to maintain confidentiality.

## REMEDIES FOR DISCLOSURE OF CONFIDENTIAL INFORMATION

11. In addition to the right to have this Protective Order enforced by the Court's contempt power, each party may recover damages for any actual loss caused by a breach of this Protective Order.

## NON-WAIVER OR PRIVILEGES AND OBJECTIONS

12. Nothing in this Protective Order shall be construed to require production of CONFIDENTIAL INFORMATION that is privileged or otherwise protected from disclosure. The entry of this Protective Order shall not constitute a waiver by any party of any objection to disclosure or production of any information or material during discovery.

13. Nothing in this Protective Order shall be construed to mean that the production of a document or thing (in whole or in part) constitutes either (a) an admission by any party that the produced item is relevant, authentic, or properly produced, or (b) a waiver of any right properly to withhold from production any other document.

## MISCELLANEOUS

14. The terms of this Protective Order shall survive the final termination of this litigation and shall continue to apply fully to all CONFIDENTIAL INFORMATION that has not properly become a matter of public record. Following final termination of this litigation, this Court shall retain and have jurisdiction over the parties and all persons who received access to CONFIDENTIAL INFORMATION in accordance with the terms of this Protective Order.

15. This Protective Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions,

officers, directors, employees, agents, and independent contractors, and other persons or organizations over which they have control.

16.     Nothing in this Protective Order shall bar or otherwise restrict any attorney herein from rendering advice to the attorney's party-client with respect to this action, and in the course thereof, relying upon an examination of CONFIDENTIAL INFORMATION; provided, however, that in rendering such advice and in otherwise communicating with the party-client, the attorney shall not disclose the proprietary or otherwise confidential substance of any CONFIDENTIAL INFORMATION nor the source of any CONFIDENTIAL INFORMATION to anyone not authorized to receive such documents, things, materials or information pursuant to the terms of this Protective Order.

17.     Nothing in this Protective Order shall be construed to bar or otherwise restrict any party from use of the parties' own CONFIDENTIAL INFORMATION.

18.     No later than thirty (30) days after the final termination of this action, including all appeals, the attorneys for each party shall destroy all copies of CONFIDENTIAL INFORMATION produced by the opposing party which respective parties have in their possession, custody, or control.  The attorneys for the parties shall be entitled to retain all pleadings and litigation documents, including exhibits and their own memoranda, containing CONFIDENTIAL INFORMATION but such litigation documents and memoranda shall be used only for the purpose of preserving a file on this action, and shall not without the written permission of the opposing party or an Order of this Court, be disclosed to anyone other than the outside attorneys to whom such information was actually disclosed, in accordance with this Protective Order during the course of this action.

19. In the event that a party seeks discovery from a non-party to this suit, the nonparty may invoke the terms of this Protective Order in writing to all parties to this suit with respect to any CONFIDENTIAL INFORMATION provided to the requesting party by the non-party.

DATED at Denver, Colorado, on October 31, 2014.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

The parties hereby agree to the above Protective Order entered by the Court.

| | |
|---|---|
| s/Juliane T. DeMarco | s/Clifford L. Beem |
| Juliane T. DeMarco | Clifford L. Beem |
| Michelle Tyler Michel | A. Mark Isley |
| Assistant County Attorney | 730 - 17th Street, Suite 850 |
| Adams County Attorney's Office | Denver, Colorado 80202 |
| 4430 S. Adams County Pkwy | Ph: 303.894.8100 |
| 5th Floor, Suite C5000B | Fax: 303.894.8200 |
| Brighton, CO  80601 | clbeem@beemlaw.net |
| Phone:  (720) 523-6116 | amisley@beemlaw.net |
| Fax:  (720) 523-6114 | *Counsel for Plaintiff* |
| jdemarco@adcogov.org | |
| mtyler@adcogov.org | |
| *Counsel for Defendants* | |

10

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01886-WYD-CBS

CATALIN G. PAVEL,

    Plaintiff,

v.

ADAMS COUNTY SHERIFF'S OFFICE;
SHERIFF DOUGLAS N. DARR, in his official and individual capacities;
UNDERSHERIFF ROGER ENGELSMAN, in his official and individual capacities;
COMMANDER MARK MITCHELL, in his individual capacity;
COMMANDER JIM HINRICHS, in his individual capacity;
SERGEANT KEVIN CURRIER, in his individual capacity; and
SERGEANT GENE CLAPS, in his individual capacity;

    Defendants.

_____

## ACKNOWLEDGEMENT OF CONFIDENTIALITY
_____

    I, _____, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury as follows:

    I understand that confidential documents, testimony and/or information may be revealed to me for purposes of the above-captioned lawsuit. I have been advised that, by agreement among the parties, as so ordered by the Court, such documents, testimony and/or information may not be used for any purposes other than the prosecution or defense of said lawsuit.

2

I have read the Protective Order entered in this lawsuit. I agree to maintain the confidentiality of any documents, testimony and/or information provided to me and otherwise to abide by the terms of the Protective Order.

I have been advised that any unauthorized use or disclosure by me of any confidential documents, testimony and/or information will be treated as a breach of the Protective Order for which I may be liable for damages and subject to sanction by the Court. I agree to subject myself to the jurisdiction of the Court for purposes of enforcement of the provisions of the Agreement.

Dated: _____          _____
                                                                                      PRINT NAME

                                                                    _____
                                                                      SIGNATURE